This 27th day of May, 1998, came the parties by counsel, to be heard upon the Motion of the respondent to dismiss this claim as a claim against the State of West Virginia which can be asserted by the.claimant in the courts of the State and which may not be maintained in the Court of Claims.
The incident giving rise to this claim occurred on or about August 31, 1994, in Tucker County, West Virginia, approximately 2.1 miles southeast of the town of Hendricks on W. Va. Route 72. While driving her 1985 Ford Escort, claimant was confronted with a large truck of the respondent occupying most of the traveled portion of the road. She was forced, she alleges, to use the berm of the road which appeared to be freshly graveled, but as she went upon the berm it collapsed, and her .car slid over a steep embankment, and overturned several times. She sustained injuries to her person and damage to her motor vehicle.
The Constitution of West Virginia, Article 6, Section 35, provides:
The State of West Virginia shall never be made defendant in any court of law or equity, except the State of West Virginia, including any subdivision thereof, or any municipality therein, or any officer, agent or employee thereof, may be made defendant in any garnishment or attachment proceeding, as garnishee or suggestee.
This provision of our Constitution is a restatement of the ancient doctrine of the sovereign immunity of a government from suits to receive damages.
As have most legislative bodies in this country, including the Congress of the United States, the Legislature of West Virginia has, by statute, created a forum in which it may be determined whether a claim against the State of West Virginia is a valid claim for which, in the absence of the Constitutional prohibition, the claimant is morally entitled to compensation. The Legislature receives a report of the recommendation of the Court of Claims as to whether the claim should be paid, and, in an appropriate case, the- amount which the Court of Claims has recommended for payment; and makes or refuses to make payment, and, if payment is thought to be appropriate, makes an appropriation.
The West Virginia Legislature, has, it should be noted, limited the jurisdiction of the West Virginia Court of Claims, with the enactment of W.Va. Code §14-2-14, providing:
The Jurisdiction of the court shall not extend to any claim:
1. . . .
.2. . . .
3. . . .
4. . . .
5. With respect to which a proceeding may be maintained against the State, by or on behalf of the claimant in the courts of the State.
Subparagraph (5), above, must be read in pari materia with W.Va. Code §29-12-5(a), and the opinion in Pittsburgh Elevator Company v. West Virginia Board of Regents, 310 S.E.2d 675 (1983).
W.Va. Code §29-12-5(a) authorizes the State Board of Insurance of West Virginia to acquire, for the State and its agencies, insurance against damages to their properties, from fire and *78 other causes, and to acquire liability insurance for their benefit and protection. In a case of a loss like the one described by Marjorie Minear in this case, the claimant will file a claim against the State or other proper political entity, and this Court will ascertain whether the described loss falls within the coverage of the State’s insurance; if there is coverage, the claim is dismissed, as this Court, under W.Va. Code §29-12-5(a), lacks jurisdiction, and the claimant must file his or her claim in some other court of West Virginia, generally a circuit court, which will hear the claim (the defense of sovereign immunity being barred), and will make findings on the merits of the claim and enter an appropriate judgment of liability or non-liability.
The Supreme Court of Appeals of West Virginia, in the Pittsburgh Elevator case, has held that the consideration of an insurance-covered liability claim by a circuit court does not violate West Virginia Constitution Article 6 Section 35, by saying:
Suits which seek no recovery from state funds, but rather allege that recovery is sought under and up to the limits of the State’s liability insurance coverage, fall outside the constitutional bar to suits against the State.
Since the respondent, the Division of Highways, has insurance coverage for the claim of Marjorie Minear, another forum has jurisdiction of this case, and this Court does not have jurisdiction, and the claim in this Court must be dismissed.
Claim dismissed.